UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALJERMAINE ELVIE,

                                          Plaintiff,

    -against-

SHAHEED HYLTON; ANTHONY PARTLOW;
GERMAINE ANTHONY; and JOHN and JANE
DOE 1-10, individually and in their official capacities
(the names John Doe being fictitious, as the true
names are presently unknown),

                                          Defendants.
------------------------------------------------------------------------X

*COMPLAINT AND*
*JURY DEMAND*

Docket No.
15-cv-4289

ECF CASE

Plaintiff Aljermaine Elvie, by his attorney Joseph Indusi, of London Indusi LLP, for his complaint against Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from an October 9, 2014 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Elvie without probable cause. Mr. Elvie initially spent approximately 24 hours unlawfully in police custody. After going to Court a number of times, Mr. Elvie's case was dismissed and sealed on or about April 23, 2015.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

1

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Aljermaine Elvie ("Mr. Elvie") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. School Safety Agent Shaheed Hylton, Shield No. 6778 ("Hylton") was, at all times here relevant, a school safety agent employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Hylton was, at the time relevant herein, a School Safety Agent under Shield # 6778 of 971 Command. Defendant Hylton is sued in his individual capacity.

9. School Safety Agent Anthony Partlow, ("Partlow") was, at all times here relevant, a school safety agent employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Partlow was, at the time relevant herein, a School Safety Agent of 971 Command. Defendant Partlow is sued in his individual capacity.

10. School Safety Agent Germaine Anthony, ("Anthony") was, at all times here relevant, a school safety agent employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Anthony was, at the time relevant herein, a School Safety Agent of 971 Command. Defendant Anthony is sued in his individual capacity.

11. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, school safety agents, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL CHARGES**

14. On October 9th 2014, at approximately 12:00 p.m., Mr. Elvie was at high school located at 600 Kingston Avenue in Brooklyn, King's County, New York.

15. Mr. Elvie was in the cafeteria during his lunch period.

16. Mr. Elvie was not committing any crime or violating any law or local ordinance.

17. The Defendants, including Defendant Partlow, unlawfully stopped and grabbed Mr. Elvie in the cafeteria at his school.

18. The Defendants did not observe Mr. Elvie commit any crime or infraction.

19. Defendants, including Defendant Partlow, grabbed Mr. Elvie by the shoulder and threw him up against the wall, causing injury to Mr. Elvie's shoulder.

20. Defendants, including Partlow and Hylton, then threw Mr. Elvie to the ground and pushed him through the cafeteria doors into the hallway.

21. Defendants, including Partlow, Hylton and Anthony, unlawfully handcuffed Mr. Elvie and pulled him through the hallway of the school.

22. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Elvie.

23. Mr. Elvie did not resist arrest.

24. Defendants, including Partlow, Hylton and Anthony, placed Mr. Elvie under arrest and searched his person without his authority or permission.

25. No contraband or anything of illegality was found on Mr. Elvie.

26. Defendants, including Partlow, Hylton and Anthony, transported him to central bookings.

27. Mr. Elvie was unlawfully held in police custody for approximately 24 hours before being arraigned on those charges.

28. At arraignments, the Judge released Mr. Elvie on his own recognizance, and the matter was adjourned.

29. After multiple court appearances, Mr. Elvie's case was dismissed and sealed on April 23, 2015.

30. Defendants, including Partlow, Hylton and Anthony, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Elvie's arrest, including a false claim they had observed Mr. Elvie assault Defendant Partlow.

31. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

32. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Elvie without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Elvie without probable cause.

33. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Elvie and violate his civil rights.

34. As a direct and proximate result of the acts of Defendants, Mr. Elvie suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

35. The above paragraphs are here incorporated by reference as though fully set forth.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

38. The above paragraphs are here incorporated by reference as though fully set forth.

39. The Defendants violated the Fourth and Fourteenth Amendments to the U.S.

Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

40. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

42. The above paragraphs are here incorporated by reference as though fully set forth.

43. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

44. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

45. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

47. The above paragraphs are here incorporated by reference as though fully set forth.

48. The individual Defendants created false evidence against Plaintiff, to wit, sworn

documents and testimony alleging that Mr. Elvie committed a crime.

49. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

50. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

52. The above paragraphs are here incorporated by reference as though fully set forth.

53. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

    a)     In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    b)     Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 20, 2015
Brooklyn New York

Respectfully submitted,

/s/ Joseph Indusi
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Mr. Elvie
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com